# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 10-0392-WS-C |
| | ) |
| ANTHONY P. KAISER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion to dismiss. (Doc. 10). The parties have filed briefs in support of their respective positions, (Docs. 11, 14, 15), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion to dismiss is due to be denied.

## BACKGROUND

According to the amended complaint, the defendant is in default on four promissory notes executed in favor of the plaintiff. The plaintiff seeks recovery on the notes and an accounting and/or inspection. (Doc. 8).

The motion to dismiss focuses on a forbearance agreement ("the Agreement") executed by the parties and the defendant's parents in September 2009. According to the defendant, the Agreement mandates that this action be brought in Baldwin County, rendering venue improper in this Court. Also according to the defendant, the Agreement provides for a 90-day cure period, rendering this action unripe and this Court without subject matter jurisdiction.

**I. Ripeness.**

The defendant's parents are parties to the Agreement because they agreed to mortgage certain of their real property to secure the defendant's payment of two of the four notes. The provision on which the defendant relies is entitled "Accommodation Mortgage," and it provides in pertinent part "that Mortgagors shall be given ninety (90) days … to satisfy the indebtednesses referred to herein and/or to refinance the indebtedness owed on" the two notes. (Doc. 11, Kaiser Affidavit, Exhibit A at 2, ¶ 1). Notice of default was provided on June 17, 2010, and the defendant concludes that his parents thus had until September 15, 2010 in which to cure. (Doc. 11 at 5).

The Agreement clearly prohibits the plaintiff from taking steps to foreclose on the mortgage provided by the defendant's parents without first giving his parents 90 days to cure his default. But it is equally clear that the provision's reach is limited to that context; it stays the plaintiff's hand only with respect to the mortgage, not with respect to the notes executed by the defendant. The defendant articulates no discernible argument to the contrary.

Nor has the defendant explained why, if his position were correct, any breach of the Agreement in this regard would implicate subject matter jurisdiction as opposed to, say, failure to satisfy a condition precedent. Failure to satisfy a contractual condition precedent to suit does not deprive a court of subject matter jurisdiction. *N-Tron Corp. v. Rockwell Automation, Inc*., 2010 WL 653760 at *4 (S.D. Ala. 2010); *cf. Griffin v. Dugger*, 823 F.2d 1476, 1482 n.12 (11th Cir. 1987) (Title VII conditions precedent to suit do not impact subject matter jurisdiction).

Finally, the relief the defendant seeks is that "adjudication should be withheld on [the two subject notes] until [his parents] fail to cure under the Agreement." (Doc. 15 at 5). The defendant made this statement on September 10, five days before the 90-day cure period expired. He has not informed the Court that cure has since occurred, so the Court must assume it has not. Because the defendant's parents have "fail[ed] to cure under the Agreement," the defendant's argument has been rendered moot, and "adjudication should [not] be withheld."

## II. Venue.

According to the Agreement, "[t]he parties agree that any dispute arising under this Agreement or any of said loan transactions, at the Bank's election, shall be filed and litigated in a court in Baldwin County, Alabama." (Doc. 11, Kaiser Affidavit, Exhibit A at 5, ¶ 12). The defendant argues this is a mandatory provision that precludes suit in a federal court sitting in Mobile County.[1]

The plaintiff asserts that the venue provision applies only to suits on the Agreement, not on the notes. On its face, the provision applies to suits on "any of said loan transactions," and the only such transactions referenced in the Agreement are the notes. The venue provision extends to suit on the notes.

The plaintiff also asserts that the venue provision expired on February 28, 2010. This position as well is contradicted by the Agreement. All that expired on February 28 was the plaintiff's agreement to forbear efforts to collect on the notes. (Doc. 11, Kaiser Affidavit, Exhibit A at 4, ¶ 7 ("[S]aid forbearance shall extend only through February 28, 2010 …."; *accord id*. at 3, ¶ 2; *id*. at 5, ¶ 8)). The Agreement itself remains in effect, and the venue provision, which expresses no time limitation, has not expired.

"A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere." *Global Satellite Communication Co. v. Starmill U.K. Ltd*., 378 F.3d 1269, 1272 (11th Cir. 2004). "A mandatory clause, in contrast, dictates an exclusive forum for litigation under the contract." *Id*. In the context of removal, "ordinary contract principles govern" the construction of a venue selection provision. *Id*. at 1271. If after applying these principles the clause may reasonably be read as either permissive or mandatory (i.e., if the clause is ambiguous), it should be construed against

---

[1] Motions to dismiss based on forum selection clauses are properly brought pursuant to Federal Rule of Civil Procedure 12(b)(3) as motions to dismiss for improper venue. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998).

the drafter. *Id*. The Court assumes without deciding that the same analysis applies to venue provisions in original actions.

In *Global Satellite*, the Eleventh Circuit concluded that "[t]he contract provision, 'Venue shall be in Broward County,' because it uses the imperative 'shall,' is most reasonably interpreted to mandate venue in Broward County." *Id*. The defendant concludes that the Agreement's venue provision, because it employs the word "shall," is likewise mandatory.

There is, however, a huge difference between the *Global Satellite* provision and the instant one. The Agreement provides that venue shall be in Baldwin County "at the Bank's election." This phrase cannot reasonably be read other than as making a Baldwin County venue mandatory only if the plaintiff elects to insist on it. Thus, had the defendant sued the plaintiff in this Court, the plaintiff would have the option of forcing dismissal due to the plaintiff's failure to sue in Baldwin County, but the defendant does not have a parallel option. Likewise, had the plaintiff sued the defendant in Baldwin County, the defendant would not have the option of removing the case to federal court, but the plaintiff could remove if the defendant sued in Baldwin County.[2]

The plaintiff suggests that the phrase, "at the Bank's election," does not modify the venue provision but merely "allows Vision Bank to choose whether it wants to proceed under the Agreement or the Notes." (Doc. 15 at 4). This reading is untenable. First, such a provision would be superfluous, because the plaintiff was always free to select what remedies it would pursue.[3] Second, such a provision would unnaturally require the bank to choose between vindicating its rights under the Agreement and vindicating its rights under the notes, with the election of one perversely extinguishing its

---

[2] The Court has reviewed the several unpublished district court opinions cited by the defendant. All are similarly distinguishable; none advances his position.

[3] *See Florida Polk County v. Prison Health Services, Inc*., 170 F.3d 1081, 1084 (11th Cir. 1999) (reading a clause to provide no more than the authority to do what the law already authorized renders the clause "surplusage," contravening "a fundamental principle of contract law").

[4]

rights under the other.  The defendant offers no explanation why such an odd result would have been intended by the parties.  Third, the language preceding "at the Bank's election" is "any dispute arising under this Agreement or any of said loan transactions." Were "at the Bank's election" to modify this clause, it would not signify what the plaintiff suggests but would indicate that the plaintiff is empowered to "elect" whether there is a dispute among the parties, which would enable the plaintiff to preclude any suit by the defendant or his parents simply by denying that any dispute exists – as implausible a result as may be imagined.  The defendant's proposed construction is unreasonable and does not introduce ambiguity into the provision.

The venue provision unambiguously provides that only the plaintiff may require that suit be pursued in Baldwin County.  The plaintiff elected not to do so, and the defendant cannot override the plaintiff's election.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **denied**.

DONE and ORDERED this 22nd day of October, 2010.

/s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE