IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VISION BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 10-0392-WS-C |
| | ) | |
| ANTHONY P. KAISER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on the plaintiff's motion for partial summary judgment. (Doc. 25). The parties have filed briefs and evidentiary materials in support of their respective positions. (Docs. 26, 27, 29, 30). The defendant obtained a generous extension of time in which to develop evidence and argument to counter the motion, (Doc. 34), which he ultimately declined to offer, and the motion is ripe for resolution.

According to the amended complaint, the defendant is in default on four promissory notes executed in favor of the plaintiff, although the plaintiff acknowledges that one note has since been paid off. Count One seeks recovery on the notes, and Count Two seeks an accounting and/or inspection. (Doc. 8). The plaintiff's motion extends only to Count One, and only as to the three notes still outstanding.

The following facts are uncontroverted: (1) the defendant executed three promissory notes (Notes 2, 3 and 4) in favor of the plaintiff; (2) pursuant to the notes, the plaintiff loaned the defendant the principal amounts of $174,440.00; $203,628.22; and $111,100.00, respectively; (3) the plaintiff is in default of payment under each of these notes; and (4) the amount due under the notes (including principal, interest and late charges) as of October 1, 2010 is $211,449.95; $250,850.64; and $18,286.74, respectively. Interest accrues on Note 2 at $87.24 per diem and on Note 3 at $101.96 per diem. (Doc. 26, Exhibit A at 2-4 & Exhibits 2-4).

[1]

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Financial Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (internal quotes omitted). The uncontroverted evidence shows the existence of three contracts between the parties; the plaintiff's performance under the contracts by lending the defendant certain sums; the defendant's non-performance by failing to repay the borrowed sums and other amounts within the time and other terms set forth in the contracts; and the plaintiff's resulting damage from the defendant's non-payment. The defendant challenges none of these points.

The defendant's only response to the plaintiff's showing is his assertion that the parties entered a forbearance agreement which either prevented a default by non-payment from occurring or precluded the plaintiff from suing over the default. The defendant testifies by affidavit that, in June 2010, he tendered, and the plaintiff accepted, a $5,000 payment in consideration of such a forbearance agreement. It is unclear whether the defendant asserts that a forbearance agreement entered in September 2009 (and which had expired by its own terms in February 2010) was thereby extended or that a new forbearance agreement was created, but the result is the same under either theory.

Alabama's statute of frauds renders "void" any "agreement or commitment to lend money, delay or forbear repayment thereof or to modify the provisions of such an agreement or commitment" unless (a) only a consumer loan with a principal amount under $25,000 is involved or (b) "such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing." Ala. Code § 8-9-2(7). The defendant alleges an agreement to forbear repayment of the loaned money or to modify the previous agreement to forbear repayment of the loaned money. The subject matter is not a consumer loan under $25,000, so the defendant must satisfy the statute of frauds. *E.g., DeVenney v. Hill*, 918 So. 2d 106, 115-16 (Ala. 2005).

The only document the defendant offers is a copy of two e-mails he sent to a representative of the plaintiff. (Doc. 29, Kaiser Affidavit, Exhibit B). It is not clear from

them that there was even an oral agreement to forbear, but the e-mails are not "subscribed by the party to be charged" (the plaintiff or its authorized representative) and so are inadequate as a matter of law to satisfy the statute of frauds. The alleged forbearance agreement is therefore void.

For the reasons set forth above, the plaintiff's motion for partial summary judgment is **granted**. The plaintiff is entitled to judgment in the amount of $480,587.33 plus per diem interest of $189.20 beginning October 2, 2010. At the appropriate time, judgment shall be entered accordingly by separate order.

The notes provide for payment of attorney's fees and related costs. The plaintiff does not seek summary judgment as to these amounts but requests the Court to enter judgment under Rule 54(b) and resolve attorney's fees issues later. (Doc. 26 at 4). The Court declines to do so.

Rule 54(d) allows a claim for attorney's fees and related nontaxable expenses to be made by post-judgment motion "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). "As noted in subparagraph (A), [Rule 54(d)(2)] does not … apply to fees recoverable as an element of damages, as when sought under the terms of a contract …." *Id*. 1993 advisory committee notes; *see also Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc*., 312 F.3d 1349, 1355 (11th Cir. 2002) ("In this Circuit, a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue …."); *Ierna v. Arthur Murray International, Inc.*, 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case."). Accordingly, the Court will not enter any judgment in this case before attorney's fees and related costs are decided.

The plaintiff is **ordered** to file and serve, on or before **June 1, 2011**, whatever materials it deems necessary and appropriate to support its claim for fees and related nontaxable expenses. The defendant is **ordered** to file and serve any response on or before **June 8, 2011**. The Court will take the issue of such fees and expenses under submission on June 8, 2011.

The plaintiff has not sought summary judgment with respect to Count Two, its demand for an accounting and/or inspection. The parties are **ordered** to confer in good faith and to submit a joint report to the Court, on or before **June 8, 2011**, as to whether such relief is still desired, whether it is due to be granted and, if so, on what terms and shall submit, if possible, a jointly proposed order concerning the resolution of Count Two.

DONE and ORDERED this 26th day of May, 2011.

/s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE